IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARY GYGI, SUSAN GYGI, CLAUDIA DIEDRICH, THE ESTATE OF WILFORD DIEDRICH, HOWARD DIEDRICH, KEN DIEDRICH, MARK DIEDRICH, and BRIAN DIEDRICH,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED RENTALS (NORTH AMERICA), INC., UNITED RENTALS, INC., DAVID ANDERSON, DOMINIC MORTENSEN, MARKSMAN MANUFACTURING CORPORATION, INC., and DEMCO TRANSPORTATION, INC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND<br><br>Case No. 2:18-cv-00536-JNP-PMW<br><br>District Judge Jill N. Parrish |

Before the court is plaintiffs' Motion to Remand. [Docket 6]. The court GRANTS the motion and orders that this action be remanded to the Third District Court for the State of Utah.

## BACKGROUND

This is a wrongful death action stemming from an automobile accident near Bear Lake. Plaintiff Gary Gygi rented a trailer from defendant United Rentals, Inc. Defendants David Anderson and Dominic Mortensen (collectively, "United employees") were employed by United Rentals and assisted Gygi in renting and hitching the trailer to his truck. Gygi loaded the trailer with mulch and drove with plaintiff Wilfred Deidrich toward Bear Lake. While descending a hill, Gygi lost control of the truck resulting in a roll-over accident that severely injured Gygi and killed Deidrich.

Gygi, Diedrich's estate, and several other plaintiffs sued United Rentals, Anderson, Mortensen, and other defendants in state court. Defendants United Rentals (North America), Inc., United Rentals, Anderson, Mortensen, and Marksman Manufacturing Corporation, Inc.[1] (collectively, "defendants") removed the action to this court pursuant to 28 U.S.C. § 1441(a). The removal was premised on diversity jurisdiction under 28 U.S.C. § 1332(a), despite the apparent lack of complete diversity among the parties. Defendants argued in their Notice of Removal that the only nondiverse parties, the United employees, were fraudulently joined to frustrate federal jurisdiction and their citizenship should therefore be ignored when evaluating the court's diversity jurisdiction. In response, plaintiffs filed the instant Motion to Remand, arguing that the United employees were not fraudulently joined.

## ANALYSIS

"A case originally filed in state court may be removed to [this] court if, but only if, 'federal subject-matter jurisdiction would exist over the claim.'" *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (citation omitted); *see also* 28 U.S.C. § 1441(a) (allowing removal of an action if "the district courts of the United States have original jurisdiction" over the action). When they removed the case from Utah state court, defendants asserted that this court may validly exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the United employees—the only nondiverse parties—were joined for the sole purpose of destroying diversity and preventing removal to federal court. Plaintiffs' motion to remand challenges this court's subject-matter jurisdiction. Plaintiffs urge that removal to this court was improper because diversity jurisdiction

---

[1] Marksman Manufacturing did not join in the removal to this court but filed a motion in opposition to plaintiffs' motion to remand.

is lacking and, accordingly, requests that the court remand the case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over an action removed from state court], the case shall be remanded."). This court may not presume the existence of subject-matter jurisdiction "absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (citation omitted). Thus, defendants bear the burden of demonstrating that the basis for federal jurisdiction alleged in their Notice of Removal is sound. *See id.*

I.  **FRAUDULENT JOINDER STANDARD**

The joinder of a nondiverse party is "fraudulent" when it serves no purpose other than "to frustrate federal jurisdiction."[2] *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). The citizenship of fraudulently joined defendants "should be ignored for the purposes of assessing complete diversity." *Dutcher v. Matheson*, 733 F.3d 980, 987–88 (10th Cir. 2013). "The doctrine 'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Purdy v. Starko, Inc.*, No. 1:10-cv-00042-DAK, 2010 WL 3069850, at *2 (D. Utah Aug. 4, 2010) (unpublished) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir. 1999)).

The removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (citation

---

[2] Importantly, "[f]raudulent joinder is a term of art, which does not reflect on the integrity of the plaintiffs or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the [nondiverse] defendant." *City of Neodesha v. BP Corp. N. Amer. Inc.*, 355 F. Supp. 2d 1182, 1187 (D. Kan. 2005) (citation omitted).

3

omitted). The party defending removal may carry this "heavy burden" by demonstrating "either: (1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citation omitted). Because fraudulent joinder analysis is ultimately "a jurisdictional inquiry," *Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004), this court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available," *Dodd*, 329 F.2d at 85 (citations omitted); *accord*, *McDaniel v. Loya*, 304 F.R.D. 617, 627 (D.N.M. 2015).

Defendants do not allege actual fraud in the pleading of jurisdictional facts. Instead, they assert that plaintiffs cannot establish a cause of action in state court against the United employees. In evaluating this assertion, the court is mindful that "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992). Ultimately, as the party asserting fraudulent joinder, defendants must establish that plaintiffs have "no cause of action" against the United employees. *See Dodd*, 329 F.2d at 85; *Brazell v. White*, 525 F. App'x 878, 881 (10th Cir. 2013). Stated differently, defendants must firmly establish that "there is no possibility that [plaintiffs] will recover against" the United employees in state court. *McDaniel*, 304 F.R.D. at 630.

## II.   DEFENDANTS' CLAIM OF FRAUDULENT JOINDER

Defendants argue that the United employees' citizenship should be ignored when assessing the court's diversity jurisdiction because plaintiffs have no viable cause of action against the them under Utah law. Specifically, defendants argue that plaintiffs' claims cannot be sustained for three reasons: First, the United employees owed no duty to plaintiffs; second, even if a duty were owed, the duty was discharged when Gygi signed the Rental Agreement; and third, the United employees

4

are unnecessary because plaintiffs have pled a claim for *respondeat superior* against their employer and it is undisputed that the United employees were acting within the course and scope of their employment. The court disagrees.

   A.   *Duty of Care*

Plaintiffs are suing the United employees for negligence and gross negligence. To succeed on their claims, plaintiffs must establish that the United employees owed plaintiffs a duty of care. *See Mower v. Baird*, 422 P.3d 837, 843 (Utah 2018). "[W]hether a duty exists is a question of law." *Id.* at 842. Under Utah law, duty is analyzed under the five-factor test set forth in *B.R. ex rel. Jeffs v. West*, 275 P.3d 228, 230 (Utah 2012). In *Jeffs*, the Utah Supreme Court stated:

> Our cases have identified several factors relevant to determining whether a defendant owes a duty to a plaintiff including: (1) whether the defendant's allegedly tortious conduct consists of an affirmative act or merely an omission, (2) the legal relationship of the parties, (3) the foreseeability or likelihood of injury, (4) "public policy as to which party can best bear the loss occasioned by the injury," and (5) "other general policy considerations."

*Id.* (citations omitted). In *Jeffs*, the defendant argued that healthcare providers owe no duty to nonpatients because they do not have a special relationship with nonpatients. *Id.* at 231. The plaintiffs argued, and the court agreed, that the need for a special relationship under the second factor only arises when a claim is based on an omission, or a failure to act. *Id.* Thus, in cases where there would otherwise be no duty owed, the special relationship factor works to impose such a duty. *Id.* The court further explained that the last three factors are used to carve out exceptions to the "general rule [that] we all have a duty to exercise care when engaging in affirmative conduct that creates a risk of physical harm to others." *Id.* at 234. In other words, where a duty is owed because of an affirmative act, the court can rely on the last three factors to absolve the defendant of any duty.

5

The *Jeffs* court affirmed that the distinction between nonfeasance and misfeasance "is perhaps the most fundamental factor courts consider when evaluating duty." *Id.* at 231. This is because "[a]cts of misfeasance, or 'active misconduct working positive injury to others,' typically carry a duty of care." *Id.* (quoting Francis H. Bohlen, *The Moral Duty to Aid Others as a Basis of Tort Liability,* 56 U. PA. L. REV. 217, 219 (1908)). Thus, if the United employees engaged in misfeasance, that "act carries with it a potential duty and resulting legal accountability for that act." *Jeffs,* 275 P.3d at 231 (citations omitted).

1) Misfeasance v. Nonfeasance

The distinction between misfeasance and nonfeasance "makes a critical difference" in the duty analysis. *Jeffs,* 275 P.3d at 231. Nonfeasance is "passive inaction, a failure to take positive steps to benefit others, or to protect them from harm not created by any wrongful act of the defendant." *Id.* The words "nonfeasance" and "omission" are used interchangeably by courts. *See Jeffs,* 275 P.3d 228. In *Herland v. Izatt*, the court explained that the term "omission" can be misleading:

> [I]n some cases an "omission" may give rise to a duty even where there is no special relationship. This is because "omission" may well be understood in some contexts as failing to do what one is obligated to do. A pure omission, or passive inaction, on the other hand, is more divorced from the concept of duty and may better describe the "nonfeasance" or "bystander" scenario . . . which permits "one human being, seeing a fellow man in dire peril, ... [to] sit on the dock, smoke his cigar, and watch the other drown."

345 P.3d 661, 672 n. 66 (Utah 2015) (quoting RESTATEMENT (SECOND) OF TORTS § 314 cmt. c). Borrowing from Judge Cardozo, the Utah Supreme Court stated that if "conduct has gone forward to such a stage that [inaction] would commonly result, not negatively merely in withholding a benefit, but positively or actively in working an injury, there exists a relation out of which arises a

6

duty to go forward. . . . The query always is whether the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm, or has stopped where inaction is at most a refusal to become an instrument for good." *Id.* at 672 (alterations in original) (quoting *H.R. Moch Co. v. Rensselaer Water Co.,* 247 N.Y. 160, 159 N.E. 896, 898 (1928) (Cardozo, C.J.)); *accord*, *Cope v. Utah Valley State Coll.*, 342 P.3d 243, 255 (Utah 2014).

Defendants argue that the complaint alleges only omissions by the United employees, not affirmative acts. According to defendants, the failure to provide warnings and failure to maintain the surge brakes should be viewed by the court as nonfeasance. This "passive inaction," defendants argue, does not implicate any duty owed to plaintiffs. But the United employees were not bystanders watching from afar as Gygi loaded and drove away with the trailer. Indeed, plaintiffs allege that the United employees "distributed/rented" the trailer to Gygi. The affirmative act of renting the trailer "carries with it a potential duty and resulting legal accountability for that act." *Jeffs,* 275 P.3d at 231. To the extent that defendants characterize the failure to provide warnings and failure to maintain the trailer's surge brakes as omissions, these omissions are not passive inaction, but a "fail[ure] to do what one is obligated to do." *Herland* 345 P.3d at 672 n. 66. Accordingly, plaintiffs have alleged that the United employees engaged in misfeasance.

2) The Remaining *Jeffs* Factors

The second *Jeffs* factor concerns "the legal relationship of the parties." *Jeffs v. West*, 275 at 230. As mentioned above, this factor is used to impose a duty where one would not otherwise exist. Because plaintiffs have alleged that the United employees engaged in misfeasance, which "typically carr[ies] a duty of care," *id.* 231, the court need not determine whether a legal relationship exists between plaintiffs and the United employees.

Defendants assert that the third *Jeffs* factor—the foreseeability or likelihood of injury—also weighs against finding a duty. In support, defendants argue that because the complaint does not allege any facts regarding the nature of the United employees' job responsibilities, plaintiffs have not shown that the United employees had any reason to foresee injury to plaintiffs. This argument misses the mark. The Utah Supreme Court stated that the duty factors are "analyzed at a broad, categorical level for a class of defendants," not on a case-by-case basis. *Jeffs*, 275 P.3d at 234–35. Thus, the question of duty does not turn on the specific allegations in the complaint. Instead, the analysis considers whether a class of defendants—employees in the trailer rental business—could foresee injury resulting from their acts. The court finds that it is indeed foreseeable that negligently renting a defective trailer could result in ensuing injury and damages. Accordingly, the third *Jeffs* factor favors imposing a duty of care.

The fourth and fifth *Jeffs* factors concern "public policy as to which party can best bear the loss occasioned by the injury" and "other general policy considerations." These duty factors are analyzed at a categorical level for a class of defendants, not on a case-by-case basis. Furthermore, the party who can best bear the loss has little to do with financial ability, rather, the analysis examines which party is best situated to avoid injury. *Jeffs*, 275 P.3d at 236. Customers who rent trailers on a short-term basis likely have little, if any, experience with the functionality of the trailer and the dangers associated with it. In contrast, employees of the rental company generally receive safety training and have experience with the trailers they rent. For example, in this case, defendant Mortensen filled out a Quality Condition Report where he confirmed that all functions of the trailer, including the safety devices, operated properly. It would make little sense to have an employee certify that the trailer operated properly unless that employee was intimately familiar with its capabilities and safety features. In short, employees who have experience and training in

8

renting trailers are in a better position to avoid potential injury than the customers who rent the trtailers. Accordingly, the fourth and fifth *Jeffs* factors support finding a duty of care owed to plaintiffs.

The court acknowledges that it need not decide the ultimate issue of whether the United employees owed a duty to plaintiffs. At this point in the proceedings, "there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999). After considering the *Jeffs* factors, the court concludes that defendants have not met their heavy burden of establishing that "there is no possibility that [plaintiffs] will recover against" the United employees. *See McDaniel v. Loya*, 304 F.R.D. 617, 630 (D.N.M. 2015).

  *B.*  *Breach*

Defendants also argue that even if the United employees owed a duty to warn, instruct, or maintain the surge brakes, they did not breach any of these duties. In support, defendants point to the Rental Agreement where Gygi acknowledged as follows:

> By signing below, Customer (x) Agrees to the terms and conditions contained in this rental agreement, (x) Agrees that the equipment is in the condition as stated on the condition report(s), (x) Agrees to the terms and conditions of the Option Rental Protection Plan, if applicable, and (x) Authorizes United to charge Customer(s) credit card listed above or on file, if applicable.
>
> Customer also acknowledges that it is fully familiar with the operation and use of the equipment and has received (a) the equipment in good working order, (b) all safety bulletins, (c) all operator manuals, and (d) all manufacturers tabulated data for the protective system equipment listed above.

Defendants conclude, without citation, that by signing this agreement, plaintiffs admitted that the United employees properly discharged any duties owed. The court cannot find any legal

9

support for this argument. Even if the document is admitted as evidence that the trailer was in proper working order, it does not conclusively establish this fact in this litigation. Nor can it bind a jury, the ultimate factfinder in this case.

Furthermore, even if the court were to construe this provision as a release of liability, it would not support defendants' position. Utah law is "well settled that contracts in which a party attempts to [protect against liability for negligence] are subject to strict construction against him; and further, that he will be afforded no protection unless the preclusion against negligence is clearly and unequivocally stated." *Walker Bank & Tr. Co. v. First Sec. Corp.*, 341 P.2d 944, 947 (Utah 1959). The provision in the Rental Agreement does not mention, let alone clearly and unequivocally state, that by signing, Gygi released either United Rentals or the United employees from liability. Nor do defendants explain how a document signed by Gygi could waive claims of the other plaintiffs. Because defendants have not cited to any Utah law in support of their argument, they have not met their "heavy burden" to establish fraudulent joinder. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

C.     *Necessary Parties*

Defendants finally assert that the United employees are unnecessary parties and should be dismissed from the case. Defendants argue, again without citation, that because plaintiffs pled a claim for relief against United Rentals under the doctrine of *respondeat superior*, the United employees are not necessary parties. But under Utah law, the liability of a principal does not exculpate the agent. *See Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 41 (Utah 2003); *Mecham v. Benson*, 590 P.2d 304, 308 (Utah 1979). Thus, the court finds that defendants have failed to establish that "there is no possibility that [plaintiffs] will recover against" the United employees. *McDaniel*, 304 F.R.D. at 630.

### D. *Conclusion*

Defendants have failed to carry their heavy burden of showing that the United employees were fraudulently joined in this lawsuit. The court, therefore, remands this case to state court for lack of diversity jurisdiction.

## III. ATTORNEY FEES

Plaintiffs also ask this court to award attorney fees pursuant to 28 U.S.C. § 1447(c), which provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Attorney fees are warranted against the United Rentals defendants because there was no objectively reasonable basis for removal. In this case, United Rentals (North America), United Rentals, Anderson, and Mortensen are the removing parties. Although Marksman Manufacturing filed an opposition to the motion for remand, it did not join in the removal. The court, therefore, confines its attorney fee analysis to the removing parties.

The United Rentals defendants claim that plaintiffs alleged only nonfeasance, which, absent a special relationship, does not support imposing a duty of care. They quoted the standard for nonfeasance articulated by the Utah Supreme Court as follows: "Nonfeasance—'passive inaction, a failure to take positive steps to benefit others, or to protect them from harm *not created by any wrongful act of the defendant*'—by contrast, generally implicates a duty only in cases of special relationships." *B.R. ex rel. Jeffs v. West*, 275 P.3d 228, 231 (Utah 2012) (citation omitted) (emphasis added). The United Rentals defendants argue that removal was proper because plaintiffs did not allege that the United employees engaged in any affirmative act that caused injury. But

11

plaintiffs allege, and the United Rentals defendants do not deny, that the United employees rented the trailer to Gygi. Indeed, the United Rentals defendants' memorandum quotes the complaint, which states: "Upon *renting the Trailer*, neither United nor United Employees offered Mr. Gygi any warnings." (Emphasis added). The complaint also alleges that the United employees "distributed/rented the subject Trailer." Renting a trailer to a customer is undoubtedly an affirmative act. As explained above, Utah law is clear that once affirmative conduct has advanced to a state where inaction may result in injury, it gives rise to a duty to act to prevent the injury. *See Cope v. Utah Valley State Coll.*, 342 P.3d 243, 255 (Utah 2014). ("[E]xamples of situations where actions had advanced to a stage where inaction would commonly result in injury[, leading to a duty to act,] include: . . . an automobile manufacturer that neglects to adequately inspect an automobile for defects before selling it to a consumer."). Accordingly, the court rejects as unreasonable the United Rentals defendants' argument that an employee who rents a trailer has no duty to ensure the safety of the trailer.

The court similarly finds unreasonable the United Rentals defendants' alternative arguments. The United Rentals defendants asserted, without a single citation, that plaintiffs admitted the United employees did not breach a duty and that they are unnecessary parties. But the court was unable to locate any case law supporting these assertions. Indeed, the case law supports the opposite. An objectively reasonable basis for removal requires, if nothing else, *some* legal support for removal. Because the United Rentals defendants failed to identify any legal authority for their arguments, the court finds that they lacked an objectively reasonable basis for removal and thus awards attorney fees against the removing defendants.

**ORDER OF THE COURT**

The court, therefore, ORDERS as follows:

(1) The court GRANTS plaintiffs' motion to remand the case to state court. [Docket 6]. The court immediately remands this action to the Third Judicial District Court of Utah.

(2) The court awards plaintiffs their reasonable attorney fees and costs associated with the motion to remand the case. The award shall be against defendants United Rentals (North America), Inc., United Rentals, Inc., David Anderson, and Dominic Mortensen. The court shall retain jurisdiction for the limited purpose of determining the amount of fees and costs. Plaintiffs shall file a statement of attorney fees and costs and a supporting memorandum by December 21, 2018. The United Rentals defendants shall file a response by January 11, 2019.

SIGNED November 28, 2018.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge